**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IRVIN ABREU,<br><br>Defendant. | Criminal Action No. 19-10460-PBS |

**MEMORANDUM**

January 6, 2022

Saris, D.J.

**INTRODUCTION**

Irvin Abreu has been charged with one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e). The parties have jointly moved for a determination prior to trial or plea as to whether, if convicted, his prior state conviction would trigger a 25-year mandatory minimum sentence, rather than the 15-year minimum sentence for those with no qualifying prior convictions, under 18 U.S.C. § 2251(e). While this request is unusual, the Court agrees that this ruling is in the interest of justice because of the ten-year difference in the potential minimum sentence. After hearing, the Court holds that the prior conviction triggers the 25-year, mandatory minimum sentencing enhancement.

## PROCEDURAL BACKGROUND

On November 16, 2018, Abreu pled guilty in state court to one count of dissemination of harmful matter to a minor in violation of M.G.L. c. 272, § 28, and one count of child enticement in violation of M.G.L. c. 265, § 26C. On October 16, 2019, he was arrested and charged in state court with offenses related to the instant matter: aggravated rape, indecent assault and battery on a child under 14, distribution of child pornography, and production of child pornography. On December 5, 2019, Abreu was indicted in federal court for sexual exploitation of a child. Trial is scheduled for February 2022.

## DISCUSSION

An individual convicted of sexually exploiting a minor faces a minimum sentence of 15 years and a maximum sentence of 30 years. 18 U.S.C. § 2251(e). A qualifying prior conviction will increase this mandatory minimum and maximum:

> [I]f such person has one prior conviction under this chapter, [other federal laws], or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or [child pornography], such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years.

Id.

The issue before the Court is whether Abreu's prior conviction for enticement of a minor in violation of M.G.L. c. 265, § 26C is one "relating to . . . sexual abuse [or] abusive sexual contact involving a minor or ward." 18 U.S.C. § 2251(e). To resolve this issue, the Court must "compare the elements of the crime of conviction . . . with the elements of the generic crime." Descamps v. United States, 570 U.S. 254, 257 (2013).

In deciding whether a prior conviction is for a generic crime enumerated as triggering a sentencing enhancement, a court must apply either the "categorical approach" or "modified categorical approach." Under the categorical approach, the prior conviction only qualifies as a predicate if "the statute's elements are the same as, or narrower than, those of the generic offense." Id. This is a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990); see also Moncrieffe v. Holder, 569 U.S. 184, 190–91 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized and then determine whether even those

acts are encompassed by the generic federal offense.”) (cleaned up).

The modified categorical approach is, as the name suggests, a variant on this. It is only applied to “so-called ‘divisible statute[s]’” that “set[] out one or more elements of the offense in the alternative.” Descamps, 570 U.S. at 257. For divisible statutes, “the modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant’s prior conviction.” Id. These Shepard documents are “limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information.” Shephard v. United States, 544 U.S. 13, 26 (2005). After determining the crime of conviction as narrowed, the court then conducts the same analysis as in the categorical approach, comparing the elements of the crime of conviction to the generic crime, still without looking to the facts underlying the conviction.

To determine the correct sentence, the court must address four subsidiary issues: (1) whether the state statute is divisible, meriting the modified categorical approach; (2) the elements of the generic federal crime; (3) the elements of the prior crime of

conviction under state law; and (4) whether those elements of the state crime "relate" to the federal generic crime.

## I. Divisibility

The predicate question is whether the statute is "divisible," in that it creates "different offenses, [some] more serious than the other[s]." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). A statute that does not "list[] multiple elements disjunctively," but rather "enumerates various factual means of committing a single element," such that a jury could convict even if individual jurors disagreed on the factual means, is not divisible and does not merit the modified approach. Id. If the language of the statute is unclear as to whether it is describing different elements or different factual means, the court can look to the record of the prior conviction for clarification. Id. at 2257. If the indictment and correlative jury instructions, or plea colloquy, charge all of the alternate means or use an umbrella term, "[t]hat is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." Id. "Conversely, an indictment and jury instructions [or plea colloquy] could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." Id.

The enticement statute, which forms the basis for the prior state court conviction, provides:

> (a) As used in this section, the term "entice" shall mean to lure, induce, persuade, tempt, incite, solicit, coax, or invite.
> (b) Any one who entices a child under the age of 16, or someone he believes to be a child under the age of 16, to enter, exit, or remain within any vehicle, dwelling, building, or other outdoor space with the intent that he or another person will violate section 13B, 13B1/2, 13B3/4, 13F, 13H, 22, 22A, 22B, 22C, 23, 23A, 23B, 24 or 24B of chapter 265, section 4A, 16, 28, 29, 29A, 29B, 29C, 35A, 53 or 53A of chapter 272, or any offense that has as an element the use or attempted use of force, shall be punished. . . .

M.G.L. c. 265, § 26C.

The government argues that the enticement statute is divisible because the enumerated crimes are different elements, each going toward a different crime. I agree. Under established state caselaw, the jury must unanimously find beyond a reasonable doubt that the defendant intended to commit at least one of the enumerated crimes; "[w]here a defendant is charged with child enticement, the Commonwealth must prove not only that the defendant enticed a person under the age of sixteen, . . . but also that the defendant so acted with the intent to violate one or more of the enumerated criminal statutes." Commonwealth v. Filopoulos, 884 N.E.2d 514, 518 (Mass. 2008); see also Massachusetts Criminal Model Jury Instructions for Use in the District Court, Instruction 6.560, at 4 (2011 ed.) (providing that the court should "instruct on the

elements of the offense which the defendant is alleged to have intended”). The Shepard documents make clear that Abreu pleaded guilty as to specific intended crimes. The Superior Court judge asked the defendant, “And in count 2, you are charged with . . . enticing a child . . . with intent that you or another person will violate — it would be the rape of a child statute, correct?” Dkt. 78-2 at 17-18. The Assistant District Attorney clarified that it was either that statute “[o]r indecent assault and battery,” and Abreu confirmed that he understood that. Id. at 18.

The Court can look to this plea colloquy to determine the elements of the least serious of the two alternative crimes of conviction: enticement with the intent to commit indecent assault and battery on a child. Only this crime need relate to the generic crime to trigger the sentence enhancement.

## II. Elements of the Generic Crime

To repeat, the federal statute provides for an enhanced sentence for a person who “has one prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward.” 18 U.S.C. § 2251(e). The Court must determine the definition of the generic crimes of “sexual abuse” and “abusive sexual contact involving a minor” for comparison with the elements of the prior crime of conviction. Typically, the statutory words are given their

ordinary meaning. See United States v. Sullivan, 797 F.3d 623, 636–37 (9th Cir. 2015) ("Under the categorical approach, we follow our common practice in cases involving non-traditional offenses by defining the offense based on the ordinary, contemporary, and common meaning of the statutory words."); see also United States v. Mateen, 806 F.3d 857, 861 (6th Cir. 2015) (same).[1]

"Sexual abuse" has been defined as "the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." Id. at 861; see also Sullivan, 797 F.3d at 636 ("[W]e have defined 'abuse' to mean 'misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on.") (quoting United States v. Sinerius, 504 F.3d 737, 740 (9th Cir. 2007)). The Ninth Circuit definition "encompass[es] behavior that is harmful emotionally and physically." Sullivan, 797 F.3d at 636 (quoting Sinerius, 504 F.3d at 740).

[1] Abreu suggests that the Court should look to the definitions in 18 U.S.C. ch. 109A, as suggested, but not explicitly held, by the Supreme Court in interpreting the parallel provision 18 U.S.C. § 2252(b)(2). See Lockhart v. United States, 577 U.S. 347, 353–54 (2016) ("We cannot state with certainty that Congress used Chapter 109A as a template for the list of state predicates set out in § 2252(b)(2), but we cannot ignore the parallel, particularly because the headings in Chapter 109A were in place when Congress amended the statute to add § 2252(b)(2)'s state sexual-abuse predicates."). But post-Lockhart, courts have rejected the contention that the generic offenses should be defined by Chapter 109A. See, e.g., United States v. Kraemer, 933 F.3d 675, 681 (7th Cir. 2019) ("[I]f Congress had intended for § 2252(b)(2) to apply only when a state conviction relates to 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward' as defined in Chapter 109A of the federal code, it could have, and would have, said so."). And, given the broad meaning of "relating to," looking to the definitions in Chapter 109A would not change the outcome of the analysis. See 18 U.S.C. §§ 2242–46, 2256.

The only court of appeals to define "abusive sexual contact involving a minor or ward" has held, in an unpublished opinion, that it means "touching a minor in a way that harms the minor for the purpose of one's libidinal gratification." United States v. Johnson, 681 F. App'x. 735, 740 (11th Cir. 2017). I agree with the Ninth Circuit that harm includes emotional or physical harm. See Sullivan, 797 F.3d at 636.

## III. Elements of the Prior Crime of Conviction

As narrowed by the Shepard documents, Abreu's least serious crime of conviction under state law was "enticing a child under the age of sixteen, or someone he believes to be a child under the age of sixteen, to enter, exit, or remain within any vehicle, dwelling, or outdoor space with the intent that he or another person will violate" the statute on "indecent assault and battery on a child."

The elements of indecent assault and battery on a child are "(1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent." Commonwealth v. Cruz, 99 N.E.3d 827, 830 (Mass. App. Ct. 2018). For the purposes of the statute, "a child under the age of 14 years shall be deemed incapable of consenting to any conduct of the defendant for which such defendant is prosecuted." M.G.L. c. 265,

§ 13B. As such, the intentional touching need not be by force. See Commonwealth v. Viera, 133 N.E.3d 296, 304 (Mass. 2019) ("[A] charge of indecent assault and battery does not necessitate a crime of physical force.").

Focusing on the third prong, Abreu argues that the meaning of "indecent" under state law is too expansive to relate to the generic crimes of "sexual abuse" and "abusive sexual contact involving a minor" under federal law. A touching is "indecent" if it involves the touching of "sexual parts" (such as "the breasts, abdomen, buttocks, thighs, and pubic area" or in certain circumstances the "mouth and its interior") or otherwise "one that is fundamentally offensive to contemporary moral values, and that society would regard as immodest and improper because of its sexual overtones." Cruz, 99 N.E.3d at 830-31 (citations omitted). "The test for indecency is objective, turning on the nature of the conduct rather than the defendant's intent." Id. (citing Commonwealth v. Lavigne, 676 N.E.2d 1170, 1172 (Mass. App. Ct. 1997)). The court looks to the context—"to wit: whether there is a disparity in age and sophistication between assaulter and victim; whether there is an existing relationship between them; and, whether there is evidence of surreptitious behavior or the use of force"—as well as the actual touching itself. Commonwealth v. Colon, 106 N.E.3d 1125, 1128 (Mass. App. Ct. 2018). Depending on the context, even a kiss can constitute indecent touching if it

violates "contemporary views of personal integrity and privacy." See Commonwealth v. Miozza, 854 N.E.2d 1258, 1262–63 (Mass. App. Ct. 2006) (finding sufficient evidence of indecent touching where an adult in his thirties held two children between the ages of six and ten years old on top of him while alone with them, sometimes behind a locked door, kissed them on the lips, and asked to put his tongue in their mouths, particularly given his position of authority as a family friend and babysitter); see also Commonwealth v. Castillo, 772 N.E.2d 1093, 1096 (Mass. App. Ct. 2002) (finding sufficient evidence of indecent touching where an adult in his thirties grabbed a fourteen year old and forced his tongue into her mouth); Commonwealth v. Rosa, 818 N.E.2d 621, 623–25 (Mass. App. Ct. 2004) (finding sufficient evidence of indecent touching where an adult stuck his thumb in an eleven year old's mouth and asked her if she knew "how to suck on it," referring to his penis).

## IV. "Relating To"

The final question is whether the crime of enticing a child with the intent to commit indecent assault and battery on the child, is one "relating to . . . sexual abuse [or] abusive sexual contact involving a minor or ward," as defined above. 18 U.S.C. § 2251(e). The Supreme Court has rejected interpretations of statutes that "simply read[] the words 'relating to' out of the statute." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385

(1992). In another context, the Court held, "The ordinary meaning of these words is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." Id. at 383 (quoting Black's Law Dictionary 1158 (5th ed. 1979)); see also Coventry Health Care of Mo., Inc. v. Nevils, 137 S. Ct. 1190, 1197 (2017) ("Congress characteristically employs the phrase to reach any subject that has a connection with, or reference to, the topics the statute enumerates.") (cleaned up).[2]

The circuits, in numerous cases analyzing the parallel statute 18 U.S.C. § 2252A(b)(1), have uniformly held that the state statute need not exactly mirror the federal statute or even the generic federal definition.[3] Congress is capable of writing

[2] Abreu argues that context cautions for a narrower meaning than the ordinary one. See Mellouli v. Lynch, 575 U.S. 798, 812 (2015) ("Context, therefore, may tug in favor of a narrower reading.") (cleaned up). In Mellouli, the Supreme Court interpreted a statute rendering deportable any alien convicted under a law "relating to a controlled substance (as defined in section 802 of Title 21)" to require that the law of conviction be limited to federally controlled substances. Id. at 813. No such context tugs in favor of a narrower meaning in § 2251(e)—it does not define the generic crimes by direct reference to federal statute. As such, "reliance on Mellouli is misplaced." United States v. Portanova, 961 F.3d 252, 259 (3d Cir. 2020) (finding a state statute criminalizing possession of additional types of child nudity other than the federally proscribed "lascivious exhibition of the genitals or pubic area" was related to possession of child pornography); see also United States v. Kraemer, 933 F.3d 675, 682 (7th Cir. 2019) (citing Mellouli, 575 U.S. at 808 n.9) ("The Court in Mellouli specifically noted that, absent the limiting phrase 'as defined in section 802,' the removal provision would apply to offenses beyond those involving drugs listed in § 802. Because § 2252(b)(2) lacks similar language, 'relating to' retains its usual broad meaning here."); United States v. Bennett, 823 F.3d 1316, 1322 (10th Cir. 2016) ("Mellouli was decided, not on the definition of 'relating to,' but on the particular removal statute's surrounding text and history.").

[3] See United States v. Barker, 723 F.3d 315, 323–24 (2d Cir. 2013) (holding that the term recognizes "diversity among the several states in the specific elements of sexual misconduct laws," and so the state statute need not "meet a precise

statutes requiring the state conviction meet all the elements of a federal crime. See, e.g., 18 U.S.C. § 2426(b) (defining "prior sex offense conviction" as a conviction under certain federal statutes or "under State law for an offense consisting of conduct that would have been an offense under [federal law] if the conduct had occurred within the . . . territorial jurisdiction of the United States") (emphasis added); see also Mateen, 806 F.3d at 861 ("[W]hen a sentence enhancement based on a state conviction requires the state statute to mirror the federal one, the enhancement statute is explicit.") (citing 18 U.S.C. § 2426(b)); Kraemer, 933 F.3d at 681 ("When Congress wants to reference only state law congruent with federal law, it has said so clearly and specifically."). For a state statute to relate to a generic

federal statutory formula"); United States v. Portanova, 961 F.3d 252, 260 (3rd Cir. 2020) ("Congress, in employing broad 'relating to' language, chose not to cabin its meaning by explicit reference to §2252(a) or a definition in another federal section. . . . §2252(b)(1) does not require complete congruence between federal and state predicates."); United States v. Colson, 683 F.3d 507, 511 (4th Cir. 2012) ("§2252A(b)(1) does not require that the predicate conviction amount to 'sexual abuse' or 'abusive sexual conduct involving a minor.'"); United States v. Hubbard, 480 F.3d 341, 349 (5th Cir. 2007) (holding the state offense need not "mirror an offense" under federal law); Mateen, 806 F.3d at 861 ("[T]he state statute of conviction need not mirror the chapter 109A definition of sexual abuse in order to trigger enhancement under section 2252(b)(2)."); Kraemer, 933 F.3d at 680 (7th Cir. 2019) ("[A]lthough the descriptions of sexual abuse set out in Chapter 109A provide a good definitional starting point in giving substance to state provisions, the explicit command of Congress in the 'relating to' language makes clear that absolute congruence of state and federal offenses is not required."); United States v. Weis, 487 F.3d 1148, 1152 (8th Cir. 2007) (holding there is no requirement that "any specific element is present"); Sinerius, 504 F.3d at 743 ("§ 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to sexual abuse."); United States v. McGarity, 669 F.3d 1218, 1262 (11th Cir. 2012), abrogated on other grounds by Paroline v. United States, 672 U.S. 434 (2014) (quoting Sinerius, 504 F.3d at 743, with approval).

offense, it need not match all of the elements, nor any one specific element.

Abreu argues that the crime of conviction proscribes a broader range of conduct than the generic offense. For example, he emphasizes that under state law even kissing under some circumstances can be indecent touching, and that enticement does not require an actual touching. Courts have rejected similar arguments. See Mateen, 806 F.3d at 863 ("The key question then is not where the victim was touched."); United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009) ("[W]e reject [the] contention that a state statute must criminalize only sexual acts involving physical touching to be 'relat[ed].'"). Nor does it matter that Abreu's crime of conviction did not require an intent of sexual or libidinal gratification. See Sullivan, 797 F.3d at 640 (holding a strict liability statutory rape law related to "sexual abuse" because the lack of a mens rea element does not negate the relationship between nonconsensual sexual conduct and sexual abuse).

Three different circuits have found crimes similar to Abreu's crime of conviction to be related to sexual abuse or abusive sexual conduct involving a minor. See Hubbard, 480 F.3d at 346 (attempting to make lewd or indecent proposals to a child under sixteen); Weis, 487 F.3d at 1152 (assault with intent to commit sexual abuse);

McGarity, 669 F.3d at 1261-62 (enticing a child for indecent purposes).

Based on the broad "relating to" language, the Court holds that enticing a child with the intent to commit indecent assault and battery relates to sexual abuse and abusive sexual contact involving a minor.

/s/ Patti B. Saris
Hon. Patti B. Saris
United States District Judge